RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0278p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

    *v.*

             No. 08-6363

LESLIE DEWAYNE ALLEN,

              *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 06-00107-001—Harry S. Mattice, Jr., District Judge.

Decided and Filed: August 13, 2010[*]

Before: SUTTON and McKEAGUE, Circuit Judges; JONKER, District Judge.[**]

_____

## COUNSEL

**ON BRIEF:** Ashley L. Ownby, III, Cleveland, Ohio, for Appellant. Terra L. Bay, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

_____

## OPINION

_____

McKEAGUE, Circuit Judge. Defendant-Appellant Leslie Allen was arrested by Chattanooga Police Officers Lawrence Goodine and Lee Mayweather after a car that he was a passenger in fled from the police. The officers recovered drugs and a handgun

---

[*] This decision was originally issued as an "unpublished decision" filed on August 13, 2010. On August 26, 2010, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Robert J. Jonker, United States District Judge for the Western District of Michigan, sitting by designation.

from the scene.  Allen challenges his convictions stemming from this arrest.  However, we do not find his arguments convincing and, therefore, **AFFIRM** the judgment.

## I.  BACKGROUND

On August 29, 2006 Officer Goodine attempted to stop a rental car, which Larry Bush was driving with Allen as his only passenger.  Bush initially stopped, but then fled and led police on a car chase, which ended when Bush turned onto an intersecting street and came to a stop near the curb.  Officers Goodine and Mayweather approached the car and instructed Bush and Allen to get out of the vehicle.  Bush immediately complied, but Allen did not.  Allen was ultimately tasered by Officer Goodine, at which point Allen fell to the ground and was handcuffed by Officer Mayweather.  Officer Goodine found a bag containing a white powdery substance that later turned out to be cocaine base; Officer Mayweather found a handgun under the vehicle, which he believed, based on its location and Allen's movements, had been slid underneath the car from the passenger's side.  A police camera located in Officer Mayweather's cruiser recorded the arrest.

A grand jury indicted Allen for: conspiring to distribute and possess with intent to distribute more than five grams of crack cocaine; possessing with intent to distribute more than five grams of crack cocaine; possessing a firearm in furtherance of a drug trafficking crime; and possessing a firearm after a felony conviction.  Allen pled guilty, but the district court allowed him to withdraw his guilty plea and proceed to trial after Officer Goodine was indicted on multiple charges relating to theft and official misconduct.  The jury found Allen guilty of all counts, and he was sentenced to 360 months on Counts One, Two, and Four, with the sentences to run concurrently.  Allen received a life sentence on Count Three, to be served consecutively with the other sentences.  This timely appeal followed.

## II.  ANALYSIS

Allen challenges whether:  (1) there was sufficient evidence to support his conviction; (2) evidence of prior acts should have been admitted under Rule 404(b); (3) there was a proper chain of custody for the crack cocaine found at the scene of the

arrest; (4) the district court erred in refusing to dismiss his indictment due to outrageous government conduct; and (5) the district court erred in refusing to grant his motion to suppress.

### 1. Sufficiency of the evidence

Allen challenges the sufficiency of the evidence with respect to his motion for mistrial and his motion for acquittal concerning his convictions for possession and conspiracy to possess. The denial of a motion for acquittal is reviewed de novo to ascertain, "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).[1]

To show a drug conspiracy, the government must prove the following elements beyond a reasonable doubt: "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Welch*, 97 F.3d 142, 148-49 (6th Cir. 1996). The evidence that the defendant agreed to join a conspiracy to violate the drug laws "need only be slight." *United States v. Hodges*, 935 F.2d 766, 773 (6th Cir. 1991). To show possession of a controlled substance with intent to distribute, the government must prove that: (1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute. *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006).

There was sufficient evidence for a rational trier of fact to convict Allen on all counts. The jury heard evidence that Allen admitted that he and Bush had spent the day together, that Bush was initially driving an Oldsmobile, but that they rented another

---

[1]The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *United States v. Wimbley*, 553 F.3d 455, 460 (6th Cir. 2009). Allen cites *Wimbley*, but does not elaborate where or how the district court erred in denying his motion for a mistrial. Therefore, we find that this issue is waived. *United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (noting that claims the proponent fails to develop arguments in support of are deemed waived); *see also United States v. Watkins*, 179 F.3d 489, 500-01 (6th Cir. 1999) (noting that the appellant has a "duty to point to the parts of the record that support his position and also to present arguments in sufficient detail to show how they support his position"). Similarly, Allen does not challenge his convictions stemming from Counts Three or Four; therefore, we find that any argument based on the sufficiency of the evidence to support these convictions is also waived.

vehicle and were driving that vehicle when arrested. They also heard that Allen had told Agent Healy that Bush got a phone call, and that Allen believed Bush went upstairs to get some crack cocaine before they left in the rental car. They heard that Allen and Bush were members, "OGs" or Original Gangsters, in the Athens Park Blood Gang, and were engaged in drug dealing together. Agent Healy also testified that Allen told him that Bush gave him the gun and the drugs prior to the stop and told him to get rid of them. In response, Allen said that he slid the gun under the car and put the drugs in his pocket. Officer Mayweather testified that he saw Allen open the passenger door and make movements consistent with throwing something away. Agent Hennessee testified, and the defendant stipulated, that eight grams of crack cocaine is a distribution amount. Agent Hennessee also said that drug traffickers often use rental cars to prevent detection, and that drug traffickers do not ask uninvolved individuals to participate in their drug trafficking endeavors.

Allen essentially requests that we ignore the evidence presented against him at trial and interpret the video as, "clear . . . evidence that Goodine planted the drugs . . . ." (Appellant Br. at 19.) The district court found – correctly – at trial that: "[t]he video alone is . . . inconclusive as to the source of the bag of cocaine." (R. 113 at 261). To now interpret it as Allen desires is a far cry from viewing the evidence in the light most favorable to the prosecution. Clearly a rational juror could have concluded that Allen committed each of the essential elements of the crimes for which he was convicted, and that Officer Goodine did not plant the crack cocaine. Consequently, there was sufficient evidence to support the denial of the motion for acquittal.

### 2. *Prior acts evidence*

The district court admitted evidence of two prior drug convictions for the "purpose of proving [Allen's] identity with respect to the crimes charged in the present indictment." (R. 113 at 272.) Allen argues on appeal that this evidence should not have been admitted under Federal Rules of Evidence 404(b) and 403.

As an initial matter, any potential error was clearly harmless. "An error is harmless unless one can say, with fair assurance that the error materially affected the

defendant's substantial rights – that the judgment was substantially swayed by the error."
*United States v. Murphy*, 241 F.3d 447, 453 (6th Cir. 2001). In this case, Agent Healy
testified that Allen told him that Bush gave him the drugs, and that he put them in his
pocket. Furthermore, contrary to Allen's claims, the video tape evidence does not show
that Officer Goodine planted the drugs. Nor at any rate was there an abuse of discretion
in admitting the evidence. Rule 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show action in conformity therewith. It
> may, however, be admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or absence of
> mistake or accident . . . .

Prior to admitting Rule 404(b) evidence, the district court must: (1) make a preliminary
finding as to whether sufficient evidence exists that the prior act occurred; (2) determine
whether the other act is admissible for one of the proper purposes outlined in Rule
404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative
value is substantially outweighed by the danger of unfair prejudice or the other concerns
embodied in Rule 403. *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001).

We review the district court's decision to admit this evidence for an abuse of
discretion. *See United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002).
"Generally, an abuse of discretion is evident when the reviewing court is firmly
convinced that a mistake has been made. A district court abuses its discretion when it
relies on clearly erroneous findings of fact, or when it improperly applies the law or uses
an erroneous legal standard." *Ross v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004)
(citation omitted).[2] Prior acts or crimes can be admitted to show identity, provided they

---

[2]In *Haywood*, we repudiated the three-tiered standard of review for Rule 404(b) determinations
in light of *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997), which explained that "abuse of discretion
is the proper standard of review of a district court's evidentiary rulings." 280 F.3d at 720; *see also United
States v. Love*, 254 F. App'x 511, 514 (6th Cir. Nov. 14, 2007) ("Thus, to the extent that cases after
*Haywood* and *Mack* apply the three-tiered standard of review, they are errant because 'when a later
decision of this court conflicts with one of our prior published decisions, we are still bound by the holding
of the earlier case.'"). In *United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008), this court stated that it
would review de novo "the district court's legal determination that the evidence was admissible for a
proper purpose." *Id.* (noting that the de novo and the abuse of discretion standards are not, in fact,
inconsistent "because it is abuse of discretion to make errors of law or clear errors of factual
determination") (citation omitted). However, even if the two standards are consistent, we continue to

are "of sufficient distinctive similarity" with the charges in the indictment to "create a pattern or modus operandi." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (noting that "[i]t is not necessary . . . that the crimes be identical in every detail"); *see also Mack*, 258 F.3d at 554 (noting that "standard conduct, although not particularly unusual by itself, may, in combination, present an unusual and distinctive pattern constituting a 'signature'").

Allen challenges the final two prongs of the standard: namely, (1) whether the other acts evidence was admissible for a proper purpose and (2) the district court's balancing under Rule 403. Initially, he argues that identity was not disputed because his arrest "was observed by two officers" and recorded on the dashboard camera of Officer Mayweather's patrol car. (Appellant Br. at 15.) However, Allen based his defense on the theory that Officer Goodine planted the crack cocaine at the scene. This theory called into question the identity of the person who put the crack cocaine at the scene of the arrest, which was important to proving the charges in the indictment. Admittedly, it seems clear from the video that either Allen or Officer Goodine placed the drugs at the scene. However, even though there were a limited number of possibilities, Allen still put identity in dispute through his defense.

Furthermore, in the prior acts, as in this case: (1) Allen was approached by a police officer; (2) there was at least one other person with Allen; (3) the crack cocaine was found near Allen, but not on his person. Additionally, in both of the prior acts (4) Allen pled guilty to possessing the crack cocaine.[3] As in previous cases admitting evidence to show identity, these prior acts are of sufficient distinctive similarity with the charges in the indictment to "create a pattern or modus operandi" and, therefore, to help identify that it was Allen, not Officer Goodine, who possessed and discarded the crack

_____

follow our earlier precedent and apply an abuse of discretion standard of review.

[3]Officer Bolton testified that on June 20, 2004, while he was talking with Allen and several other individuals about possible narcotics activity, he saw Allen fling a bag of crack as they exited a residence together. Allen was arrested for, and later pled guilty to, possession. Officer Pickard testified that on June 23, 2004, he noticed Allen and two other individuals standing on a street corner. He stopped and talked to them, and Officer Bolton found a plastic bag containing approximately thirty-nine crack rocks about ten feet from where Allen stood. Allen was arrested for, and later pled guilty to, possession of crack cocaine for resale.

cocaine at the scene. Therefore, these acts were admissible for a proper purpose under Rule 404(b).

Allen also argues that the prior acts evidence should have been excluded under Rule 403. To make this determination, this court looks "at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Perry*, 438 F.3d at 649; *see also Mack*, 258 F.3d at 555 (noting that the district court "is granted 'very broad' discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence"). As noted, the prior acts had probative value. Furthermore, this probative value was not substantially outweighed by the potential for unfair prejudice, which was minimized. The testimony from Officers Bolton and Pickard was limited in scope and duration and the district court provided limiting instructions before each witness testified and during the general charge. Consequently, the district court did not abuse its discretion in admitting the two prior convictions under Rule 404(b).

### 3. Chain of custody

The district court did not abuse its discretion in admitting the crack cocaine into evidence over Allen's objection. Evidentiary issues are reviewed under an abuse of discretion standard. *Joiner*, 522 U.S. at 141. Chain of custody issues are jury questions and the possibility of a break in the chain of custody of evidence goes to the weight of the evidence, not its admissibility. *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997); *United States v. Drake*, 280 F. App'x 450, 454-55 (6th Cir. May 29, 2008). Physical evidence is admissible when the possibilities of misidentification or alteration are "eliminated, not absolutely, but as a matter of reasonable probability." *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir. 1972) (citation omitted). Merely raising the possibility of tampering is insufficient to render evidence inadmissible. *Allen*, 106 F.3d at 700. Where there is no evidence indicating that tampering with the exhibits occurred, courts presume public officers have discharged their duties properly. *Id.*

Allen presents no actual evidence that tampering occurred. In particular, Allen argues that the original evidence bag was destroyed and replaced with a DEA evidence

bag, and that the weight of the crack cocaine diminished over time. However, it does not appear that there was anything improper about Officer Hixon's replacement of the original evidence bag, and Agent Montejo provided several explanations for the decrease in weight. At most, Allen's arguments merely raise the possibility of tampering. Consequently, the district court did not abuse its discretion in admitting the crack cocaine.

### 4.  The indictment

Allen argues that the dashboard video evidence shows that Officer Goodine, who was terminated from the force and was under indictment at the time of the trial, planted crack cocaine at the scene, and that this outrageous government conduct presents a question of law that should be reviewed de novo. (Appellant Br. at 20-21.) The Supreme Court has indicated that outrageous government conduct outside the grand jury process could result in dismissal on due process grounds if such conduct is so outrageous that it violates "fundamental fairness" or is "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973). However, in this case, the video simply does not show that Officer Goodine planted the crack cocaine, and there is no basis in the evidence for finding outrageous government conduct.

### 5. *The motion to suppress*

Allen argues that the evidence seized at the traffic stop should have been suppressed, since the stop was improper. However, "[i]t is widely recognized that '[i]f a suspect's response to an illegal stop "is itself a new, distinct crime, then the police constitutionally may arrest the [suspect] for that crime."'" *United States v. Castillo*, 2000 WL 1800481 at *5 (6th Cir. Nov. 28, 2000) (citations omitted). In *Castillo* the defendant claimed that the arresting officers lacked reasonable suspicion to detain him; though, while the officers were conducting a driver's license check, he fled in his vehicle, leading police on a high speed chase. The court concluded that this, "high-speed flight . . . constituted an intervening act that purged the taint of [the defendant's] detention." *Castillo*, No. 99-5463, at *6.

Here, there was an initial attempt at a traffic stop, which Allen claims to have been illegal, followed by an attempt to escape from the police by leading the officers on a high-speed chase. As it did in *Castillo*, the act of fleeing from police officers constituted a new, distinct crime that rendered evidence subsequently seized admissible. Therefore, we find that the district court properly admitted the evidence seized during Allen's arrest.

### III.  CONCLUSION

In short, finding Allen's arguments unpersuasive, we **AFFIRM** the judgment.