NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0701n.06

No. 12-5441

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 30, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff-Appellee,              )
                                     )
v.                                   )
                                     )   ON APPEAL FROM THE
JAMES L. HOLLOWAY,                   )   UNITED STATES DISTRICT
                                     )   COURT FOR THE WESTERN
    Defendant-Appellant.             )   DISTRICT OF KENTUCKY
                                     )


BEFORE:  BOGGS and SILER, Circuit Judges; DOWD, District Judge.[*]


PER CURIAM.  James L. Holloway, a federal prisoner, appeals through counsel the judgment of conviction following his criminal trial.

Holloway's trouble with the law began when he discussed child pornography in a computer chat room with an undercover agent for the Naval Criminal Investigative Service, then e-mailed the agent child pornography.  After discovering Holloway's location in Louisville, Kentucky, the agent shared her discovery with the Kentucky authorities, who eventually turned it over to the federal authorities.  A search warrant was executed at Holloway's home and laptop computers, storage drives, and cameras were seized.  Further inspection uncovered child pornography on one of his computers and two of his storage drives.  He was charged with transporting and possessing child

---

[*]The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation.

pornography. He was convicted following a jury trial. Although the guidelines range for his sentence was 210 to 262 months of imprisonment, he was sentenced to only 96 months. He appealed, and the government cross-appealed, but the government voluntarily dismissed the cross-appeal. We denied Holloway's motion for release pending this appeal. In his brief, Holloway raises three issues: 1) the district court erred in denying his motion to suppress evidence obtained in violation of the Posse Comitatus Act (PCA), 18 U.S.C. § 1385; 2) the district court erred in admitting other acts evidence under Federal Rule of Evidence 404(b)(1); and 3) the district court erred in rejecting his proposed jury instruction.

The PCA proscribes military participation in civilian law enforcement. In order to violate the PCA, the military must permeate civil law enforcement; it is not a violation where the military does not participate in the arrest, search, or seizure of evidence. *Hayes v. Hawes*, 921 F.2d 100, 103-04 (7th Cir. 1990). In this case, after the Navy agent turned over the information she had on Holloway to the civil authorities, the military was not involved in the subsequent search of his home, the seizure of evidence, or his arrest. Moreover, no federal court has held that suppression is an appropriate remedy for any violation of the PCA. *Gilbert v. United States*, 165 F.3d 470, 474 n.2 (6th Cir. 1999). The statute itself provides only for a fine or imprisonment for its violation. 18 U.S.C. § 1385. Accordingly, we find no error in the district court's denial of Holloway's motion to suppress the evidence on this basis.

Holloway argues that the district court erred in admitting evidence that he had a file on one of his laptops explaining how to clear an internet cache, erasing evidence of the websites visited. He contends that this was evidence intended to prove his character, in violation of Fed. R.

Evid. 404(b)(1). However, background evidence concerning the results of the search of Holloway's computer does not fall under Rule 404(b). *See United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011). Moreover, any error was harmless. *See United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010). Holloway's argument on this point is farfetched. He states that the jury could have used the statement concerning the file on his laptop to infer that he erased child pornography from his cameras. Even if this somehow followed, it would not change the outcome of the case, as the government did not need to prove that Holloway erased the memory cards on his cameras, but only that he possessed and transported child pornography. Therefore, we find no abuse of the broad discretion accorded the district court in admitting this statement. *See United States v. Yu Qin*, 688 F.3d 257, 261 (6th Cir. 2012).

Finally, Holloway argues that the district court erred in rejecting one of his proposed jury instructions. We review the denial of a requested jury instruction for abuse of discretion. *United States v. Adams*, 583 F.3d 457, 468-69 (6th Cir. 2009). A reversal will be required on the basis of an erroneous jury instruction only where it is confusing, misleading, or prejudicial. *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999). Holloway argues that the district court's instruction that required the government to prove that he "knowingly possessed an item or items of child pornography" did not require the jury to find that the items were in fact child pornography. This argument is frivolous. Moreover, Holloway's proposed instruction that he "knowingly possessed computers containing child pornography" is not an improvement on this score.

In summary, finding all of the issues raised on appeal meritless, we affirm the district court's judgment.