NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0454n.06

No. 13-3094

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 24, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )
                                        )
v.                                      )     ON APPEAL FROM THE
                                        )     UNITED STATES DISTRICT
                                        )     COURT FOR THE
GOLDY THOMPSON                          )     NORTHERN DISTRICT OF
                                        )     OHIO
        Defendant-Appellant.            )
                                        )
                                        )
                                        )

Before: MOORE and KETHLEDGE, Circuit Judges; TARNOW, District Court Judge. [*]

KETHLEDGE, Circuit Judge. A jury convicted Goldy Thompson of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Thompson challenges the district court's refusal to suppress the firearm upon which the charge was based. We affirm.

On October 12, 2011, Alice King called 911 from the Quality Bar in Toledo, Ohio to report that one patron had threatened another patron with a gun. King told the dispatcher that she was calling from behind the bar, and described the person with the gun as a black male wearing black clothes. She also said that the suspect had left the bar.

Toledo Police Officers Nicholas Bocik and Scott Williamson responded to the call. Outside the bar, they saw a black male in black clothing. Goldy Thompson was that person. Bocik told Thompson to stop. Thompson ignored him. Bocik repeated his request. Thompson

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

turned around and shoved Bocik, and then began to walk away. The two officers grabbed Thompson and brought him to the ground. During the scuffle, a third officer, William Windnagle, saw Thompson drop a gun onto the sidewalk.

A grand jury thereafter indicted Thompson for one count of being a felon in possession of a firearm. Thompson moved to suppress the firearm, but the district court denied the motion. A jury found Thompson guilty. The district court sentenced Thompson to 72 months' imprisonment, well below his Guidelines range of 324 to 405 months.

Thompson now challenges the denial of his motion to suppress. We review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Hockenberry*, 730 F.3d 645, 657 (6th Cir. 2013).

Thompson argues that the officers lacked reasonable suspicion to stop and search him. Police officers may stop a person upon "a reasonable suspicion supported by articulable facts" of criminal activity, either past or future. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989); *United States v. Hensley*, 469 U.S. 221, 227 (1985). Thompson contends that the officers did not have any corroborating evidence to support the reliability of the 911 call and thus lacked reasonable suspicion to conduct a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). But calls by named citizens, especially those who give detailed accounts of the alleged conduct, can under certain circumstances create reasonable suspicion. *See Illinois v. Gates*, 462 U.S. 213, 233–34 (1983). And here King provided her name, described the illegal conduct, and gave the basis of her knowledge.

But we need not even determine whether the officers had reasonable suspicion when Bocik first asked Thompson to stop. A person must yield to be seized. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991). Thus, when Thompson ignored Bocik's request to stop, no seizure

had occurred at that point. Then Thompson turned and shoved Officer Bocik, which gave the officers probable cause to search and seize Thompson. *See United States v. Allen*, 619 F.3d 518, 526 (6th Cir. 2010). The officers did so by tackling him. And in doing so the officers saw Thompson's gun, which had fallen into plain view, and which the officers were therefore entitled to seize. *See Shamaeizadeh v. Cunigan*, 338 F.3d 535, 549 (6th Cir. 2003). Thus, the seizure of the gun did not violate Thompson's rights, and the district court properly denied the motion to suppress.

The district court's judgment is affirmed.