NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0379n.06

Case Nos. 15-1637/1690

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 06, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RALPH ELDRIDGE, | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CITY OF WARREN, MI, a municipal | ) | MICHIGAN |
| corporation; PATRICK K. MOORE, Police | ) | |
| Officer; ROBERT HORLOCKER, | ) | |
| individually and as agent employees of | ) | |
| defendant City of Warren, jointly and | ) | |
| severally | ) | |
| | ) | |
| Defendants-Appellees/Cross-Appellants. | ) | |
| | ) | |

_____/

Before: MERRITT, GIBBONS, and SUTTON, Circuit Judges.

**MERRITT, Circuit Judge.** This is a 42 U.S.C. § 1983 suit by Plaintiff-Appellant Ralph Eldridge, a diabetic who was tasered and arrested by two Warren, Michigan, police officers while he was suffering a hypoglycemic episode. Eldridge asserts a Fourth Amendment excessive force claim against Warren police officers Patrick Moore and Robert Horlocker and a municipal liability claim against the City of Warren. At trial, the jury found that Moore and Horlocker did not use excessive force against Eldridge, and therefore it did not reach Eldridge's municipal liability claim. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (No case

authorizes "the award of damages against a municipal corporation based on the actions of one of its officers when . . . the officer inflicted no constitutional harm."). The issue in this appeal is whether a video depicting Moore's prior use of a taser against an individual in police custody is admissible as evidence on Eldridge's excessive force and municipal liability claims.[1] The district court excluded the video from evidence, finding that Rules 403 and 404(b) of the Federal Rules of Evidence precluded the video's admission. For the reasons set forth below, we **AFFIRM**.

## I. Facts

On the morning of June 18, 2009, the Warren Police Department was advised that a man had erratically driven his truck over a curb and stopped in a construction area. Warren police officers Moore and Horlocker were dispatched to the scene where they found Eldridge sitting in the driver's seat of the truck. Because Eldridge did not comply with the officers' commands that he "step out" of the truck and resisted when the officers tried to remove him from the truck, Moore deployed his taser against Eldridge, and the officers used physical force to handcuff Eldridge. Upon securing Eldridge, Moore and Horlocker located an insulin pump on Eldridge's person and learned that Eldridge was suffering from a hypoglycemic episode. The officers called an ambulance to the scene, and they later transported Eldridge to his home.

In the aftermath of this incident, Eldridge filed suit under 42 U.S.C. § 1983, asserting a Fourth Amendment excessive force claim against Moore and Horlocker and a municipal liability claim against Warren for failure to train its officers. We affirmed the district court's ruling

---

[1] The City of Warren also brings a protective cross-appeal, arguing that even if the district court erred in excluding the video depicting Moore's prior taser use, a new trial is not warranted because the "video—standing alone—was insufficient to establish that the City of Warren had a constitutionally violative custom, policy, or practice." (Appellee's Br. at 34-35). Because we conclude that the district court properly excluded the video from evidence on Eldridge's excessive force claim and that Eldridge cannot maintain his municipal liability claim in the absence of a constitutional violation by Moore and Horlocker, we dismiss the City of Warren's cross-appeal as moot.

denying Moore and Horlocker qualified immunity, *Eldridge v. City of Warren*, 533 F. App'x 529 (6th Cir. 2013), and the case was set for trial.

Before trial, Moore, Horlocker, and the City of Warren (together "the Defendants") filed a motion in limine seeking to preclude Eldridge from introducing at trial evidence of prior acts of excessive force by Moore and Horlocker and of prior taser use by Warren police officers in the form of use of non-lethal force reports. Eldridge opposed the motion. On July 7, 2014, Judge Cook issued an order granting in part and denying in part the Defendants' motion. Specifically, the district court excluded from evidence prior instances in which Moore and Horlocker used excessive force, but the court ordered that evidence of prior taser deployments by Warren police officers was admissible because the use of non-lethal force reports were "highly relevant to [Eldridge's municipal liability] claim and permissible for 'other purposes' to establish the absence of mistake."

While trial was pending, Judge Cook retired, and on February 26, 2015, the case was reassigned to Judge Roberts. In front of Judge Roberts, the Defendants filed a motion in limine that for the first time sought to preclude the introduction of a video depicting Moore tasering an individual in the custody of the Warren Police Department after the individual, who was sitting in a chair, apparently did not comply with an officer's commands. At the subsequent hearing, Eldridge told the court that he intended to introduce this video into evidence at trial to help prove his municipal liability claim against Warren. Judge Roberts concluded that Eldridge could *attempt* to introduce the video at trial.

The case went to trial on April 27, 2015. On the second day of trial, Judge Roberts ordered that the video depicting Moore's prior taser use be excluded from evidence, stating that:

> [T]he Court has just reviewed a videotape; . . . Plaintiff wants to
> introduce this to prove its [sic] his *Monell* claim against the City of

> Warren. The Court is not going to admit this video. Under 403(b), the Court believes that while it may have some probative value on the *Monell* claim, its probative value is outweighed by its prejudicial value and I make that decision in conjunction with 404(b) which precludes the admission of prior acts in order to prove that someone acted consistently on this occasion that is at issue in the lawsuit. Although the Court could give a limiting instruction, I don't believe that that limiting instruction would have the value that it should have in getting the Jury to separate out this evidence as probative on the *Monell* claim and [a]s not being probative on the claim against . . . Officer Moore in his individual capacity.

Transcript of Record at 1001, *Eldridge v. City of Warren*, No. 2:10-cv-12893 (E.D. Mich. Apr. 30, 2015).[2] The court also instructed Eldridge that he could not question Moore about the incident depicted in the video.

On April 30, 2015, the jury returned a verdict in favor of the Defendants, finding that Moore and Horlocker did not use excessive force against Eldridge in violation of the Fourth Amendment. Because there was no constitutional violation, the jury did not consider Eldridge's municipal liability claim. Eldridge now appeals to this Court, seeking both admission of the video depicting Moore's prior taser use and a new trial.

## II. Discussion

While Eldridge argued at trial that the video of Moore's prior taser use should be admitted because it was probative of his municipal liability claim, he focuses on a different argument on appeal: that the video of Moore's prior taser use is admissible on Eldridge's excessive force claim because it is probative of Moore and Horlocker's absence of mistake or *modus operandi* in tasering Eldridge. Because Eldridge cannot maintain his municipal liability claim in the absence of a finding that Moore and Horlocker used excessive force against him,

---

[2] Despite Eldridge's claims to the contrary, Judge Roberts' decision to exclude the video did not contradict a prior ruling by Judge Cook. In fact, Judge Cook did not specifically address whether the video of Moore's prior taser use was admissible on either of Eldridge's claims.

and because the jury found that the officers did not commit a constitutional violation, any hope Eldridge has for relief depends entirely on the video's admissibility on his excessive force claim. Thus, we begin by considering whether the district court erred in excluding the video from evidence on Eldridge's excessive force claim. The district court determined that Rule 404(b) precluded the video's admissibility on that claim.

We review the district court's decision to exclude evidence under Rule 404(b) for abuse of discretion. *United States v. English*, 785 F.3d 1052, 1055 (6th Cir. 2015).[3] "Under the abuse of discretion standard, 'we will leave rulings about admissibility undisturbed unless we are left with the definite and firm conviction that the district court committed a clear error in judgment.'" *United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008) (quoting *United States v. Dixon*, 413 F.3d 540, 544 (6th Cir. 2005)).

Under Rule 404(b), evidence of another "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This evidence may, however, be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Before the court may admit [Rule] 404(b) evidence, it must: (1) determine whether this is sufficient evidence that the prior acts occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in the rule; and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is

---

[3] While we normally review evidentiary issues for abuse of discretion, the proper standard of review of Rule 404(b) evidence is subject to an ongoing dispute in this Circuit. *See United States v. Olive*, 804 F.3d 747, 754 (6th Cir. 2015) (employing clear error, *de novo*, and abuse of discretion review as part of a three-part test to determine the admissibility of Rule 404(b) evidence); *English*, 785 F.3d at 1055 (reviewing for abuse of discretion the district court's decision to admit Rule 404(b) evidence). Because the video is not admissible under either standard, we need not resolve this dispute here.

substantially outweighed by the danger of unfair prejudice." *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) (citing *United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010)).

Because the prior act Eldridge seeks to introduce involves a video showing Moore's prior taser use, there is no dispute that the act occurred. Therefore, Eldridge focuses his argument on whether the act is admissible for a proper purpose under Rule 404(b)(2) and whether the act's probative value is substantially outweighed by the danger of unfair prejudice under Rule 403.

First, Eldridge argues that the video depicting Moore's prior use of his taser is admissible on his excessive force claim because it shows the officers' absence of mistake in tasering Eldridge. [4] Eldridge's argument is without merit because he does not even begin to explain how the video could show the officers' absence of mistake in using force against him. Perhaps this is because Moore and Horlocker do not claim that they accidentally used force against Eldridge. In fact, Moore testified that he *intentionally* deployed his taser against Eldridge. *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1046 (10th Cir. 2005) (stating that evidence of an officer's prior use of force is not admissible to show absence of mistake when there is no claim or defense that the officer accidentally used force in the present case). The closest Eldridge gets to making a credible argument is through his assertion that Moore and Horlocker rely on the defense of mistake in alleging that they lacked knowledge of Eldridge's medical condition when they used force against him. (Appellant's Reply Br. at 10-11). But the video of Moore's prior taser use is not relevant to Moore and Horlocker's lack of knowledge regarding Eldridge's medical condition because the video does not show Moore tasering an individual suffering from a medical

---

[4] At oral argument, Eldridge's counsel raised a different argument: that the video of Moore's prior taser use was admissible on Eldridge's excessive force claim as evidence of Moore's *modus operandi*—which provides a proper ground for admission when identity is at issue. But identity is not at issue in this case. And in any event, the similarity between Moore's prior taser use and the officers' use of force against Eldridge is not "striking," and Moore's simple deployment of a taser in both instances certainly does not amount to the "signature" we typically require to show *modus operandi*. *United States v. Joseph*, 270 F. App'x 399, 406 (6th Cir. 2008) (per curiam) (citations and internal quotation marks omitted).

condition. Instead, it simply depicts Moore tasering an apparently non-compliant individual in police custody.

Thus, the district court did not abuse its discretion in excluding the video showing Moore's prior taser use under Rule 404(b).

Because the video is not admissible on Eldridge's excessive force claim, and because the jury found no constitutional violation on that claim, we need not reach the question of whether the district court abused its discretion in excluding the video from evidence on Eldridge's municipal liability claim.

The judgment of the district court is **AFFIRMED**.