NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0016n.06

No. 25-3119

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 07, 2026

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| NATHAN E. ANDERSON, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: BOGGS, READLER, and DAVIS, Circuit Judges.

PER CURIAM. Nathan E. Anderson appeals the district court's judgment of conviction and sentence. For the following reasons, we affirm.

Anderson pleaded guilty to being a felon in possession of a firearm. The district court determined that his base offense level was 20. The court added four levels because Anderson possessed a firearm in connection with drug trafficking, *see* USSG § 2K2.1(b)(6)(B) (2024) (requiring a four-level enhancement if a firearm was possessed in connection with another felony offense), and the court subtracted three levels for acceptance of responsibility. Based on his total offense level of 21 and criminal history category of III, Anderson's guidelines range of imprisonment was 46 to 57 months. The court sentenced him to 57 months in prison and three years of supervised release.

On appeal, Anderson argues that the district court erred by imposing the four-level enhancement under § 2K2.1(b)(6)(B) because the evidence showed that he possessed drugs for personal use only rather than trafficking. He specifically contends that the court (1) improperly

concluded that his presence in a high-crime area, his possession of a cell phone, and the amount of crack cocaine he possessed supported the enhancement, (2) ignored evidence that the crack cocaine he possessed was for personal use, and (3) failed to recognize the absence of drug trafficking evidence such as empty plastic bags or a large amount of currency.

When reviewing a district court's application of the four-level enhancement under § 2K2.1(b)(6)(B), we review factual findings for clear error and accord due deference to the court's determination that the firearm was possessed in connection with another felony. *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019). When the other felony offense is drug trafficking, the enhancement applies if a firearm is found in close proximity to drugs or drug paraphernalia. *Id.* at 920.

The district court reasonably concluded that a preponderance of the evidence supported application of the four-level enhancement. The fact that the search of Anderson and his vehicle recovered a loaded firearm, two separate baggies of crack cocaine, and a digital scale suggests that he was engaged in drug trafficking. *See United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013) (noting that a scale is a tool of the drug trafficking trade). In addition, Anderson had over 10 grams of crack cocaine, which is a quantity consistent with distribution. *See United States v. Hardy*, 643 F.3d 143, 147 (6th Cir. 2011); *United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010). And the district court reasonably concluded that the evidence was more consistent with trafficking than mere possession, given that Anderson tested negative for cocaine in January 2024 and stated that he had not used the drug for two years, making his last use one year before his firearm offense.

Accordingly, we **AFFIRM** the district court's judgment.