NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0347n.06

No. 14-1637

FILED
May 08, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| SCOTT BERNARD WILL | ) | WESTERN DISTRICT OF |
| Defendant-Appellant. | ) | MICHIGAN |
| | ) | |
| | ) | |
| | ) | |

BEFORE: DAUGHTREY, GIBBONS, and GRIFFIN; Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Following a trial in the United States District Court for the Western District of Michigan, a jury found Defendant-Appellant Scott Will guilty of distributing, as well as conspiring to distribute, controlled substance analogues. On appeal, Will argues that the district court erred in admitting evidence of Will's previous possession of a controlled substance analogue and erred in deeming his prior possession relevant conduct for the purposes of sentencing. For the following reasons, we affirm Will's conviction.

**I.**

On three separate occasions in 2013, an undercover officer both video-recorded and audio-recorded Will selling controlled substance analogues—alpha-pyrrolidinopentiophenone (alpha-PVP) and pentylone—to the officer. As a result, on May 29, 2013, Will and others were indicted by a grand jury on one count of conspiring to distribute controlled substance analogues, three counts of distributing controlled substance analogues for human consumption, and one

count of possessing a controlled substance analogue with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), 813.

Before trial, Will filed a motion *in limine* to exclude evidence of Will's prior distribution of methylenedioxypyrovalerone ("MDPV") in May 2011. Specifically, in May of 2011, police officers were dispatched to a hotel to investigate suspected drug activity. Once there, the officers encountered Will and found 102 small bottles containing an off-white powder labeled "not for human consumption" in Will's bag. The officers also discovered numerous syringes and metal spoons in Will's room. A test revealed that the white powder was MDPV, a controlled substance analogue. Soon after, in October of 2011, MDPV was scheduled as a controlled substance. As a result of this incident, Will pled guilty to possession of a controlled substance analogue in state court and served nearly six months in jail. In lieu of adding this prior conviction to Will's criminal history points, the government deemed it relevant conduct and used the MDPV from the May 2011 incident to calculate Will's base offense level. The court held its ruling in abeyance until trial.

A four-day jury trial began on December 9, 2013. On the last day of the trial, the court determined that the government was permitted to admit evidence of Will's May 2011 conduct. On December 12, 2013, the jury found Will guilty of all counts. Will timely appealed.

## II.

Will argues that the district court erred in admitting evidence of his 2011 MDPV possession because it was unfairly prejudicial. Specifically, he contends that because MDVP was not yet scheduled as a controlled substance at the time of his 2011 possession, the probative value of such evidence was far outweighed by the prejudicial impact on the jury. The government counters that the admitted evidence was highly probative and therefore outweighed

any unfair prejudice because it demonstrated Will's intent to distribute, *see United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007) ("[P]rior drug-distribution evidence is admissible to show intent to distribute."), and the "not for human consumption" label shows that Will had first-hand knowledge of the physiological effects of MDPV, now a controlled substance, for which alpha-PVP is the closest analogue.[1]

We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010). Pursuant to Federal Rule of Evidence 404(b), evidence of a crime or wrong is not admissible to prove a person's character but is admissible to prove a defendant's knowledge. Evidence of prior convictions or bad acts may also be admissible under Rule 404(b) for the purposes of proving intent, especially where a defendant is charged with an offense necessitating specific intent, such as conspiracy to possess and distribute drugs. *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996). A district court determines the admissibility of evidence under Rule 404(b) by applying a three-step process:

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (citations omitted).

Will contends that the district court erred in not excluding the evidence because, under the third step of the test, the admission of the May 2011 MDPV possession was unfairly prejudicial.

---

[1] The Sixth Circuit has not yet addressed whether § 841(a) has a scienter requirement. The Seventh Circuit has found that it does: "A defendant must know that the substance at issue has a chemical structure substantially similar to that of a controlled substance, and he or she must either know that it has similar physiological effects or intend or represent that it has such effects." *United States v. Turcotte*, 405 F.3d 515, 527 (7th Cir. 2005). The Fourth Circuit, however, has held that the government need only prove that the alleged analogues were substantially similar to a Schedule I or Schedule II controlled substance. *See United States v. McFadden*, 753 F.3d 432, 443–44 (4th Cir. 2014), *cert. granted*, 135 S. Ct. 1039 (2015). To avoid an appeal issue, the government has agreed to apply the Seventh Circuit's strict knowledge standard. We therefore examine whether Will knew that alpha-PVP's physiological effects were similar to those of MDPV.

District courts possess broad discretion in admitting evidence under Rule 404(b). *See United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989). Moreover, the evidence must be "unfairly" prejudicial, not merely prejudicial. *See United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). "Unfair prejudice . . . refers to evidence which tends to suggest decision on an *improper basi*s." *Id.* (emphasis added).

In assessing the issue of unfair prejudice, the district court determined that Will's 2011 possession of MDPV was not unfairly prejudicial because "the government has the obligation to prove . . . the elements of all of these offenses, and that includes the intent to distribute an analogue for human consumption." This court has specifically held it proper to admit evidence of other crimes or prior bad acts in cases when used to prove intent to engage in the distribution of drugs. *See Myers,* 102 F.3d at 234. The district court also eliminated the potential for unfair prejudice by providing limiting instructions to the jury following the testimony of the two officers who discovered the MDPV in Will's bag. The jury was properly instructed on multiple occasions to consider Will's prior conduct only as it related to Will's intent and knowledge. *Id.* at 233–34 (finding no error in admitting prior bad acts evidence when accompanied by a limiting instruction as to purpose of the evidence and noting with approval the district court's repeated instructions to the jury on consideration of this type of evidence). In light of these facts, we cannot say the district court abused its discretion.

**III.**

Will further contends that the district court erred in considering that the MDPV that he possessed in May of 2011 constituted relevant conduct under the sentencing guidelines. A district court's factual findings are reviewed for clear error, while the determination that the conduct at issue constitutes relevant conduct is reviewed *de novo*. *United States v. Myers,*

123 F.3d 350, 364 (6th Cir. 1997). Under the clearly-erroneous standard, we will leave the district court's factual findings undisturbed unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Darwich*, 337 F.3d 645, 664 (6th Cir. 2003) (citations and internal quotation marks omitted).

In Will's view, because MDPV was not classified as a Schedule I controlled substance until October of 2011, the MDPV that he possessed prior to that date should not have been added to the drug quantity attributed to him. The government, on the other hand, contends that even though MDPV was not a Schedule I controlled substance at the time of Will's guilty plea, it was still a controlled substance analogue—making its sale illegal. *See* 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."); 21 U.S.C. § 813 ("A *controlled substance analogue* shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law *as a controlled substance in schedule I*." (emphasis added)). Because Will's distribution of MDPV was illegal, the government argues, it was properly included as relevant conduct for his 2013 convictions of distribution and possession of, as well as conspiracy to distribute, controlled substance analogues.

Prior drug dealings amount to relevant conduct if they constitute a "common scheme or plan" or are "part of the same course of conduct." U.S.S.G. § 1B1.3(a)(2). Two or more offenses represent a "common scheme or plan" if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, cmt. n.9(A). Two or more offenses constitute the "same course of conduct" if they are "sufficiently connected or related to each

other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* at n.9(B).

The undisputed facts support a finding that the nature of the 2011 and 2013 offenses is substantially similar. Both Will's 2011 conduct and the instant offenses involved the sale of controlled substance analogues, as the district court found.[2] *See United States v. Brown*, 332 F.3d 363, 376 (6th Cir. 2003) (upholding a district court's finding that defendant's prior indictment constituted relevant conduct because both the conduct and the underlying offense involved the same drug). The facts also warrant a finding that Will's *modus operandi* was similar for both the 2011 offense and his 2013 conduct: he generally sold his product from motels. Moreover, Will's 2011 conviction served to demonstrate Will's intent to distribute a controlled substance analogue for human consumption, as well as the knowledge of the nature of a controlled substance analogue. For these reasons, the district court did not err in finding Will's prior conviction regarding the sale of MDPV relevant conduct.[3] Thus, the district court properly included the MDPV sold during Will's relevant conduct–*i.e.*, his May 2011 offense– in its drug quantity calculation. *See* U.S.S.G. § 2D1.1, cmt. n.5 ("Types and quantities of drugs not specified in the count of conviction may be considered in determining offense level").

**IV.**

For the reasons stated above, we affirm the district court's judgment of conviction.

---

[2] In fact, Will's counsel conceded that MDPV was a controlled substance analogue at the time Will pled guilty to its possession in 2011.

[3] Importantly, the district court did not include Will's 2011 conviction in calculating his criminal history category. *See United States v. Collins*, 188 F.3d 509 (6th Cir. 1999) (unpublished table decision) (acknowledging that prior offense is not a prior sentence for the purposes of computing a defendant's criminal history category when that prior offense is deemed relevant conduct.