File Name: 08a0366n.06

Filed: June 23, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-3495

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

YUL GRAVELY,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:       MARTIN and NORRIS, Circuit Judges, and STAMP, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Yul Gravely appeals his conviction for knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Gravely argues that the evidence was insufficient to support the district court's verdict of guilty, and that his conviction should be vacated. Because we find that the government provided sufficient evidence to establish that Gravely constructively or actually possessed the firearm, we AFFIRM his conviction.

I.

---

[*]The Honorable Frederick P. Stamp, Senior District Judge for the Northern District of West Virginia, sitting by designation.

On February 4, 2006, police officer Larry Gauthney was working special duty at a Red Roof Inn in Columbus, Ohio. At approximately 1:30 a.m. he received a complaint about noise in Room 218. Gauthney proceeded to Room 218 to address the complaint. As he approached the room, he saw a black male (later identified as Demarius Evans) coming out of Room 218. Gauthney told Evans to return to the room and "tell your friends to hold down the music and the noise." When Evans opened the door to the room, Gauthney was able to see inside and observed several people and drugs in the room.

According to Gauthney's testimony at trial, there were two beds in the room and Gravely was sitting on the far bed, next to the night stand, facing the door. There were five other people in the room: one white male and five black males. Demarius Evans, a black male, walked in with officer Gauthney; the white male, Glen Tapia, was sitting on a counter at the rear of the room. Gravely testified that there was someone sitting next to him on the bed and someone sitting on the end of the same bed playing video games. Gauthney's testimony disputed this, stating that there were some other individuals sitting on the bed closest to the door, and that Gravely was the only person sitting on the far bed.

When Gauthney first looked into the room, he observed Gravely with a bag of crack cocaine on his lap. Gravely was kicking something on the floor. Gauthney also saw Gravely fidget and appear to reach for something underneath him. Gauthney drew his weapon and ordered everyone to freeze. He then called for backup. Gauthney kept his gun trained on Gravely who was the individual he observed making movements.

Officer Sagle was the first back-up officer to arrive on the scene. Sagle trained his weapon on Gravely while Gauthney handcuffed him. As Gravely stood to be handcuffed, Gauthney saw a gun lying on the bedspread. The gun became visible only after Gravely stood, and Gauthney testified that he saw the gun on the bed "directly where Mr. Gravely had been sitting." No other guns were discovered in the room or on its occupants.

Gravely testified that the gun on the bed belonged to "D'Nice," whose name he later learned was Dominique Bridgewater. According to Gravely, Bridgewater showed him the gun and then placed the gun under a cover on the bed. Gravely claimed he never touched the gun and did not know it was loaded. He also denied sitting on top of the gun, but he admitted that he was sitting next to the gun on the bed, and that he was the one closest to it.

Gauthney testified that Gravely was sitting next to a night stand situated between the two beds. On the night stand, Gauthney found a small electronic scale and some smaller bags of drugs. Gravely had a small bag of crack cocaine in his lap when Gauthney arrived, and a larger bag, containing 25 grams of crack cocaine, was found on the floor at Gravely's feet. He had apparently been trying to kick the bag away from him when Gauthney appeared at the door.

The other occupants of the room besides Gravely, Bridgewater, and Evans, were a 15-year-old found with 3.2 grams of crack cocaine in his pocket; Glen Tapia, the white male; and a teenager known as "Little Jose," who apparently was not taken into custody.

Gravely was indicted on two charges; Count One alleged that Gravely possessed with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and Count Two alleged that Gravely knowingly possessed a firearm in furtherance

of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Gravely pled guilty to Count One, and proceeded with a bench trial on Count Two.

At the close of the government's case in the bench trial, Gravely moved for acquittal under Federal Rule of Criminal Procedure 29. Gravely's attorney stated that he "would concede that there is circumstantial evidence sufficient that a rational trier of fact could find possession, just because of his proximity and sitting on it. While we dispute possession, there certainly is evidence to lead to that conclusion . . . ." The motion was denied. After the close of Gravely's case-in-chief, his attorney renewed his Rule 29 motion for acquittal, without arguing "any further beyond what has already been said." Once again, the district court denied his motion.

After taking the case under consideration, the district court returned its verdict finding Gravely guilty of Count Two of the indictment.

On March 20, 2007, the district court sentenced Gravely to a term of 41 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to be served consecutively, followed by five years of supervised release.

Gravely now appeals, arguing the evidence submitted to the district court was insufficient to prove possession of the firearm, and accordingly, his conviction should be vacated. The government counters that Gravely waived this argument when he conceded possession of the firearm in his Rule 29 motion for acquittal, and that the evidence was sufficient to sustain the conviction.

II.

*1. Waiver*

"This Court will not consider challenges to the sufficiency of the evidence if the defendant failed to make a Rule 29 motion for judgment of acquittal at the end of the prosecution's case-in-chief and at the close of the evidence." *United States v. Chance*, 306 F.3d 356, 368-69 (6th Cir. 2002) (citing *United States v. Dandy*, 998 F.2d 1344, 1356 (6th Cir.1993)). "Failure to make the required motions constitutes a waiver of objections to the sufficiency of the evidence." *Id.* "Although specificity in a Rule 29 motion is not required, where the defendant makes a Rule 29 motion on specific grounds, all grounds not specified in the motion are waived." *Id.*

The government argues that Gravely's first Rule 29 motion after the close of the government's evidence conceded the element of possession. In making the motion, Gravely's counsel stated "that there is circumstantial evidence sufficient that a rational trier of fact could infer or find possession . . . ." Gravely's counsel went on to say that "while we dispute possession, there certainly is evidence to lead to that conclusion." Gravely's attorney argued in support of his Rule 29 motion that the government had not sufficiently proven the "in furtherance of drug trafficking" element required by § 924(c)(1)(A)(i). According to the government, because Gravely moved for acquittal based on that specific argument, Gravely waived any later challenge to the sufficiency of the evidence proving the element of possession.

Gravely argues that the only concession made was that the evidence was sufficient to go forward after the close of the government's case. When the motion was renewed at the close of all the evidence, the motion relied upon a different record. Gravely had testified and denied possession. He had also identified the owner and possessor of the weapon. Based upon this complete record, the

Rule 29 motion was renewed and it was general in nature. Accordingly, Gravely argues that there was no waiver of any sufficiency of the evidence claims.

We find that Gravely has the better argument. During his initial motion for acquittal, his counsel stated that while they still disputed possession, there was enough evidence to force the defense to come forward and rebut the government's case. At the close of the case, Gravely's counsel renewed his motion, and did not specify any grounds, other than stating he "would not argue it any further beyond what has already been said." While neither statement by Gravely's counsel during the two motions is crystal clear, we have a hard time inferring from these very short and muddled arguments that Gravely waived his sufficiency of the evidence argument on appeal. *See Chance*, 306 F.3d at 371 ("We find . . . that the discussion on this issue was simply too abbreviated to be construed as a Rule 29 motion based on specific grounds and that it would be unreasonable to interpret this colloquy as a waiver of further challenges to the sufficiency of the evidence.").

*2. Sufficiency of the Evidence*

Gravely argues on appeal that the evidence was insufficient to establish that he possessed the firearm in violation of § 924(c)(1)(A)(i). That section mandates that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," be sentenced to a minimum of five years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). By pleading guilty to Count One, Gravely conceded that he committed a drug trafficking crime. The only issue on appeal is whether the government presented sufficient evidence to prove beyond a reasonable doubt that Gravely possessed the firearm.

When considering a sufficiency of the evidence challenge, this Court does not "weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the [judge]." *United States v. M/G Transport Servs., Inc.*, 173 F.3d 584, 588-89 (6th Cir. 1999). Our task is to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony*, any rational trier of fact could find the elements of the crime beyond a reasonable doubt." *Id.* at 589 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Thus, Gravely "bears a very heavy burden" in his sufficiency of the evidence challenge. *United States v. Davis*, 397 F.3d 340, 344 (6th Cir. 2005) (internal citations omitted).

In order to establish unlawful possession of a firearm, the government may show either actual or constructive possession. "Actual possession exists when [the firearm] is in the immediate possession or control of the party." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973). "[T]o establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." *Id.* (quoting *United States v. Ferg*, 504 F.2d 914, 916-17 (5th Cir.1974) (citations omitted)). An en banc panel of this Court has recently held that mere proximity to a gun is not enough to establish constructive possession, let alone actual possession. *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (*en banc*). The *Arnold* decision also stated that where other evidence besides proximity is too attenuated, reversal is required. *Id.* at 183-84. Specifically, the *Arnold* Court pointed to a Fourth Circuit decision holding that furtive behavior coupled with proximity to a gun is insufficient to establish constructive or actual possession. *Id.* (citing *United*

*States v. Blue*, 957 F.2d 106, 107-108 (4th Cir. 1992)). In that case, the Fourth Circuit held that evidence showing that the defendant, while seated in the passenger seat of a car, dipped his shoulder as if reaching underneath his seat, coupled with the fact that a gun was shortly thereafter recovered underneath his seat, was insufficient evidence to establish possession. A more direct link to the gun is needed.

The government argues that it proved actual possession because the evidence shows Gravely was sitting in close proximity to the gun, and was aware the gun was there. The government relies on Gauthney's testimony. Gauthney testified that upon his arrival at the room, he observed Gravely sitting on the bed "fidgeting around and looking like he was reaching under him . . . ." After backup officers arrived, Gauthney instructed Gravely to stand so that he could be handcuffed. Upon standing, Gauthney observed a 9 mm semi-automatic handgun on the bedspread in the same area where Gravely had been sitting.

Gravely testified that the gun belonged to Dominique "D'Nice" Bridgewater. He stated that Bridgewater had showed him the gun, and then set it down on the bed. Gravely claimed he never touched the gun and did not know that it was loaded. Gravely admitted that he was sitting near the gun, and was the closest person to the gun.

Viewing the evidence in the light most favorable to the government, a reasonable trier of fact could have found that Gravely possessed the firearm. This conclusion is supported by the evidence that Gravely was the only person sitting on the bed, and he was either sitting on top of the gun or right next to the gun. While proximity to the firearm is not enough to establish possession under *Arnold*, 486 F.3d at 183, this case involves more evidence than mere proximity. Officer Gauthney

observed Gravely moving his arms as if he was placing something underneath him. Upon ordering Gravely to stand in order to handcuff him, Gauthney observed the gun on the bed in the same place where Gravely had been sitting. This is a much more direct connection than if the gun had been found underneath a car seat in which Gravely had been sitting, or even under the bed in the motel room where Gravely had been sitting. *See Blue*, 957 F.2d at 107-108. Here, Gravely admitted to knowing the gun was on top of the bed where he was sitting, it was within his reach, and the evidence could be construed to show that he was sitting directly on top of it when the police found him. That is sufficient to establish possession.

III.

Because a reasonable trier of fact could have found beyond a reasonable doubt that Gravely possessed the firearm, we AFFIRM Gravely's conviction under Count Two of the indictment for violation of 18 U.S.C. § 924(c)(1)(A)(i).