NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0132n.06

Case Nos. 17-5803/5804

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Mar 14, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| BRANDON S. WOODLEY, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
| _____/ | ) |  |
|  | ) |  |

Before: KEITH, KETHLEDGE, and DONALD, Circuit Judges.

DAMON J. KEITH, Circuit Judge. Appellant Brandon S. Woodley appeals his conviction and sentence. Woodley challenges the sufficiency of the evidence underlying his conviction and contends that the district court abused its discretion by admitting evidence pertaining to his prior firearm possession and his alleged gang affiliation. Additionally, Woodley argues that the district court abused its discretion by applying an incorrect sentencing enhancement, elevating Woodley's offense level to 29 after applying a cross-reference guideline for attempted voluntary manslaughter.

I.

On August 12, 2015, a grand jury indictment was returned, charging Woodley with one count of felon in possession of ammunition, in and affecting commerce, in violation of 18 U.S.C.

§ 922(g)(1). After a jury trial, a guilty verdict was returned on December 21, 2016. Woodley was subsequently sentenced to 120 months of incarceration, to be served consecutively to an eighteen-month sentence imposed in connection with a prior offense, followed by a three-year term of supervised release. Woodley's motion for acquittal filed after the return of the jury verdict was denied by the district court. Woodley timely appealed his conviction and sentence.

II.

A. *Sufficiency of the Evidence*

Woodley first challenges the sufficiency of the evidence to sustain his conviction. Upon review of a challenge to the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony, any rational trier of fact could find the elements of the crime beyond a reasonable doubt." *United States v. Gravely*, 282 F. App'x 401, 404 (6th Cir. 2008) (emphasis omitted). "[T]his court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (internal quotations omitted). A judgment will be reversed "only if [the] judgment is not supported by substantial and competent evidence upon the record as a whole." *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005).

The offense at issue, possession of ammunition by a felon, requires the government to prove beyond a reasonable doubt that: 1) Woodley had a prior felony conviction; (2) Woodley knowingly possessed ammunition; and (3) the ammunition possessed had been transported in or affected interstate commerce. *See* 18 U.S.C. § 922(g)(1); *Gardner*, 488 F.3d at 713.

The record reflects that Woodley stipulated to the first and third elements of the offense, leaving element two—knowing possession—the only remaining issue in dispute at trial. During Woodley's trial, the government relied on the testimony of Anthony Hall, who stated that he was shot by Woodley in the parking lot of the hotel where he temporarily resided. The jury also heard the accounts of two other witnesses, Marco Cianfarani, who testified that he heard a gunshot and then observed a man, wearing a red cap and a red hooded sweatshirt, searching the ground for what he believed was a shell casing, and Latoysha Burton, who called 911 after the shooting.[1] In addition to the testimony of Hall, Cianfarani and Burton, physical evidence—consisting of a live round, found near the sidewalk abutting the hotel, and a shell casing found in the parking lot of the hotel—was recovered from the scene of the shooting. Woodley contends that this evidence was insufficient to prove that he knowingly possessed ammunition on the date of the shooting. We disagree.

The element of possession can be proven by either direct or circumstantial evidence. *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Barnett*, 398 F.3d at 522. Based on the record evidence, we find that a reasonable jury could have found that Woodley knowingly possessed the ammunition recovered from the scene of the shooting. This satisfactory showing of element two of the offense, coupled with Woodley's stipulation of elements one and three, proves sufficient to sustain Woodley's conviction of the charged offense.

B. *Admission of Prior Firearm Possession and Gang-Related Evidence*

Next, Woodley asserts that the district court abused its discretion by allowing evidence of Woodley's prior firearm possession and gang affiliation to be heard by the jury at trial. We

---

[1] Woodley testified that he was wearing a red sweatshirt on the night of the shooting.

review evidentiary rulings for an abuse of discretion. *United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.*

Character evidence and other evidence of crimes, wrongs, or prior acts are generally inadmissible to prove a defendant's propensity towards committing an alleged offense. *See* Fed. R. Evid. 404. Pursuant to Federal Rule of Evidence 404(b)(2), however, evidence of prior acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Prior to admitting Rule 404(b) evidence, the district court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403." *Allen*, 619 F.3d at 523.[2]

Woodley challenges the admissibility of testimony relating to his prior firearm possession and his involvement with a gang, asserting that the prejudice of said evidence outweighed its probative value. As to the evidence relating to Woodley's prior firearm possession, the court found that evidence intimating that the defendant previously and regularly possessed a firearm was admissible for a proper purpose, specifically, the defendant's opportunity to commit the shooting at issue in this case. Where, as here, the evidence relating to Woodley's prior firearm possession was directly related to Woodley's opportunity to have carried out the offense against Hall on the night of the shooting, the district court's admission of the prior possession evidence

---

[2] The government filed a notice of its intent to use Rule 404(b) evidence prior to trial.

was not an abuse of discretion. Moreover, limiting instructions were given to the jury in relation to the testimony of Casey Howren, Woodley's ex-girlfriend, Burton and Hall regarding Woodley's prior use and possession of a firearm, further protecting the defendant from the occurrence of any unfair prejudice on account of the evidentiary admission.

As to the gang-related evidence, the district court held that is was admissible for the purpose of demonstrating Woodley's motive for shooting Hall. But for Hall's earlier testimony that a conversation about Woodley's gang affiliation sparked a disagreement between the two, ultimately initiating the breakdown in his friendship with Woodley, gang evidence would likely be inadmissible. However, here, Woodley's gang affiliation was probative of the deteriorating relationship between Woodley and Hall, and furthered the government's theory that this incident with Woodley, where he confronted Hall about allegedly speaking to a member of another gang, initiated a shift in the relationship and contributed to Woodley's motive for shooting Hall. Woodley points to no occurrence in the record which would indicate that the limited reference to Woodley's gang affiliation was unduly prejudicial or unfairly affected the outcome of the case; thus the district court's admission of relevant gang-related evidence was not an abuse of discretion. *See United States v. Anderson*, 333 F. App'x 17, 24 (6th Cir. 2009) ("Even if the trial court abused its discretion in admitting gang evidence, . . . a defendant is not entitled to reversal of his conviction if admission of the evidence was harmless.").

C. *Application of the Cross-Reference Guideline for Attempted Voluntary Manslaughter*

Woodley contends that the district court erred in denying his objections to the presentence investigation report ("PSR"), primarily his objection to the application of a cross-

reference offense level for attempted voluntary manslaughter.[3]  In reviewing the district court's application of the United States Sentencing Guidelines ("U.S.S.G."), "[t]he district court's interpretation of the advisory Guidelines is reviewed de novo, and its findings of fact are reviewed for clear error."  *United States v. Harris*, 552 F. App'x 432, 436 (6th Cir. 2014) (quoting *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009)).  The Sentencing Guidelines corresponding to crimes involving the unlawful receipt, possession or transportation of firearms or ammunition are outlined in U.S.S.G. § 2K2.1.

Section 2K2.1's cross-reference provision instructs:

> [i]f the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense, apply . . . §2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above . . . .

"District courts may cross-reference under § 2K2.1 only where a preponderance of the evidence supports the conclusion that the defendant committed or attempted to commit the offense that provides the cross-reference."  *United States v. Frost*, 521 F. App'x 484, 490 (6th Cir. 2013).  "We afford due deference to the district court's determination that a cross-reference to the Homicide Guidelines was necessary."  *Harris*, 522 F. App'x at 439 (internal quotations omitted).

The PSR reflects that a base offense level of 20 was applicable for a violation of 18 U.S.C. § 922(g)(1) under § 2K2.1(a)(4)(A).  The base offense level was increased by four points, pursuant to § 2K2.1(b)(6)(B), which applies if a defendant "used or possessed any . . .

---

[3] As it pertains to Woodley's second contention on appeal regarding objections made to the PSR, we find no error in the district court's determination regarding the PSR's summarization of the evidence presented at trial, and certainly no error that ultimately affected Woodley's sentence.

ammunition in connection with another felony offense," here, attempted voluntary manslaughter, elevating Woodley's offense level to 24. Next, the probation office utilized the cross-reference provision of the Guidelines, § 2K2.1(c)(1)(A), substituting Woodley's base offense level for the base offense level associated with attempted voluntary manslaughter, 29. *See* U.S.S.G. § 2A1.3. The PSR indicates that because Woodley used ammunition in connection with the attempted commission of voluntary manslaughter, the greater offense level is applicable.

Unlike the more commonly asserted challenge to the sufficiency of the evidence establishing the elements of the cross-referenced offense, or a challenge to the propriety of applying a cross-reference guideline generally, Woodley's argument on appeal simply asserts that the application of the cross-referenced guideline associated with aggravated assault would be "more appropriate." Woodley asserts that because the offense of aggravated assault carries with it a base offense level of 14, the appropriate calculation, adjusted for the applicable enhancements for discharging a firearm under § 2A2.2(b)(2)(A), and the resulting serious bodily injury under § 2A2.2(b)(3)(B), would be a base offense level of 24—the equivalent of the base level calculated prior to the § 2K2.1(c)(1)(A) enhancement.

In response to Woodley's objections to the PSR, the district court found sufficient evidence to establish the elements of attempted voluntary manslaughter, as defined in 18 U.S.C. § 1112 (an unlawful killing of a human being without malice, upon a sudden quarrel or heat of passion).

> The jurors in this case heard testimony from victim Anthony Hall that he and the defendant argued in a motel room. According to Hall, the two men then went into the parking lot where the defendant shot Hall once from fairly close range and attempted to continue firing. The jurors also heard the testimony of Marco Cianfarani who stated that he observed the defendant combing the pavement for items the size of spent shell casings. Latoysha Burton testified that Hall told her that the defendant shot him.

> The court heard the above-cited testimony at each trial and found that testimony to be credible. The court accordingly finds by a preponderance of the evidence that the defendant used the ammunition cited in the offense of conviction in connection with the attempted commission of voluntary manslaughter. The defendant shot Hall from fairly close range immediately following a sudden quarrel and tried to continue firing. As such, the probation officer properly cross referenced the voluntary manslaughter guideline in this case, and the defendant's third objection will be overruled.

Contrary to Woodley's assertions on appeal, it is not the role of this court to engage in a balancing test to determine a defendant's optimal sentencing outcome. As we have emphasized in cases past, "[o]ur task on appeal is limited to considering whether the district court's application of the cross reference was correct under existing law." *United States v. James*, 575 F. App'x 588, 593 (6th Cir. 2014). Reviewing the district court's finding for clear error, and according the sentencing court the appropriate deference, we conclude that our circuit precedent allows uncharged conduct to form the basis for the base offense level and, here, the elements of attempted voluntary manslaughter were established by a preponderance of the evidence.

III.

For the foregoing reasons, the district court's judgment and sentence are affirmed.